Filed 3/14/16  P. v. Dunn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078821 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040556, CM040777) |
| v. | |
| JAMES DANIEL DUNN, JR., | |
| Defendant and Appellant. | |

Defendant James Daniel Dunn, Jr., appeals the sentence he received after the trial court granted his petitions for resentencing under Proposition 47.  He argues the trial court erred in imposing a term for misdemeanor petty theft that exceeded six months. The People concede the error, and we agree.

## I.  BACKGROUND

Defendant pleaded no contest to several counts in three separate cases (case Nos. CM040556, CM040777, and CM040377), including petty theft with three prior petty

1

theft convictions; count 1 in case No. CM040556.  (Pen. Code, § 666, subd. (a).)[1]  He was sentenced to a stipulated, aggregate seven-year prison term.

Following passage of Proposition 47, defendant petitioned for resentencing. (§ 1170.)  The trial court reduced all counts to misdemeanors, struck an enhancement, and resentenced defendant to an aggregate term of three years eight months.  As part of the resentencing, the trial court imposed a one-year term for the petty theft with three prior petty theft convictions in case number CM050446:

> "THE COURT:  . . .  The petty theft with priors, the Court is going to
>
> sentence you to—is that one year or six months misdemeanor?
>
> "[THE PROSECUTION]:  A year because it was a wobbler and that's how
>
> they—
>
> "THE COURT:  One year in the Butte County Jail to run consecutive to
>
> Count 1 and 2 of [case number CM0]40777."

## II.  DISCUSSION

On appeal, defendant contends the trial court erred in imposing a one-year term for petty theft with three priors.  He argues that following Proposition 47, his conviction is only punishable with a maximum of up to six months in jail or a fine up to $1,000, or both.  (§ 490.)  The People agree.

Petty theft is a misdemeanor, "punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both."  (§ 490.)  Prior to the passage of section 10 of Proposition 47, section 666 allowed petty theft to be punished as a felony with up to a year in prison—if the defendant had three or more prior convictions for petty theft or other enumerated offenses.  (Former § 666, subd. (a), amended by Stats. 2013, ch. 782, § 1.)  Proposition 47 amended section

---

[1]  Undesignated statutory references are to the Penal Code.

2

666, eliminating that provision, effective November 5, 2014. (§ 666.) After the passage of Proposition 47, petty theft can only be elevated to a felony if the defendant has certain enumerated priors (including one prior conviction for petty theft) *and* the defendant: (1) is required to register as a sex offender, or (2) has a prior violent or serious felony conviction, as defined in section 667, subdivision (e)(2)(C)(iv) or section 368, subdivisions (d) or (e). (§ 666, subd. (b).)

In this case, the record does not indicate that defendant must register as a sex offender or that he has a prior conviction defined as serious or violent. Accordingly, the parties are correct that sentencing defendant to one year for petty theft with three prior petty theft convictions was error. We therefore direct the trial court to resentence defendant, under section 490, to no more than six months.

### III. DISPOSITION

We remand this case for resentencing of count 1, in case CM040556, not to exceed six months. As modified, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

NICHOLSON, Acting P. J.

/S/

_____

ROBIE, J.

3